IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC DRAKE,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and HENRY LAWRENCE CULP JR.,<br><br>Defendants. | Civil Action No. 24-CV-00281-CFC |

## **MEMORANDUM**

Plaintiff Eric Drake proceeds *pro se* and has been granted leave to proceed *in forma pauperis*. He alleges in his Complaint that Defendants discriminated against him on account of his race and religion in violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a. D.I. 2 ¶ 4. Pending before me is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). D.I. 10.

According to the Complaint, which I accept as true for purposes of this motion, certain doctors have requested Drake to undergo an MRI, and because Drake has "very sensitive hearing," he "can only undergo an MRI if the hospital has a *silent* MRI unit" (emphasis in the original). D.I. 2 ¶ 1. Drake claims that Defendant General Electric (referred to at times by Drake as "GE") manufactures

silent MRI units but has refused to tell him where these units are located on account of Drake's race and religion. D.I. 2 ¶ 1. Drake alleges that Defendant Culp is the CEO of General Electric and that Drake has "emailed [Culp] 7-times and noted in the emails that it was an emergency, but Culp never responded." D.I. 2 ¶ 2.

The Complaint alleges a single claim for relief: "Discrimination in Public Accommodation" in violation of 42 U.S.C. § 2000a. D.I. 2 at 7. Drake seeks by this claim "an injunction against GE and Culp's refusal to provide locations of GE's silent MRI unit, so that the Plaintiff may fly, anywhere on the planet to have this test completed." D.I. 2 ¶ 20. Drake also seeks by his Complaint an order that requires "Defendants to reveal to [Drake] each location of its MRI units that are considered as 'silent' MRI." D.I. 2 at 9. Drake makes this same request in a pleading he titled "Request for A Court Order to Obtain Information from General Electric." D.I. 8. I will treat that filing as an addendum to the Complaint.

Title II "does not create a right to information." *Elansari v. Meta, Inc.*, 2024 WL 163080, at *2 (3d Cir. Jan. 16, 2024). Drake has no right under Title II to compel General Electric, Culp, or any other person to provide him the location of silent MRI units. Accordingly, he lacks standing to bring the Complaint, and I will therefore dismiss the Complaint and deny Drake's Request for A Court Order to

2

Obtain Information from General Electric (D.I. 8) for lack of jurisdiction. *Id.* at \*\*1–2.

    The Court will issue an Order consistent with this Memorandum.

_____<br>CHIEF JUDGE