IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ERIC DRAKE,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY and HENRY LAWRENCE CULP JR.,<br><br>Defendants. | Civil Action No. 24-CV-00281-CFC |

## **MEMORANDUM ORDER**

Pending before me is Plaintiff Eric Drake's "Motion for Sanctions against Defendant and its Counsel under Rule 11 and Inherent Power of the Court." D.I. 18. The motion is replete with unfounded accusations about Defendants' counsel and it is patently frivolous. Drake accuses Defendants' counsel of "unsavory and unprofessional conduct," D.I. 18 ¶ 11, but the attachments to the relevant pleadings—email communications and a compact disc and transcript of a call Drake had with counsel that Drake secretly recorded—show the exact opposite. *See* D.I. 20-1; D.I. 20-2; D.I. 20-3; D.I. 20-4; D.I. 20-5; D.I. 18-2 at 7–18. Counsel have been remarkably patient, courteous, and professional in their dealings with Drake.

If anyone should be sanctioned here it is Drake, who has impliedly threatened and tried to intimidate counsel and their clients. Drake, for example, told counsel, "[m]y investigators located your residence," D.I. 20-1 at 2, "I am a chosen minister, God will punish you and possibly your family for your unethical and deplorable actions," D.I. 20-2 at 2, and "I did a complete background of you and the CEO of GE, which includes family history, education, previous marriages, etc," D.I. 20-3 at 2. He also informed counsel that he "located the CEO of GE's residence." D.I. 20-2 at 2.

Drake has a long history of engaging in abusive litigation tactics. Federal courts in Texas and Georgia have deemed him a "vexatious litigant" and subjected him to filing restrictions and fines because of his "insulting and disparaging" pleadings and "abusive attempts to sue judges, the spouses of lawyers, and anyone who had displeased him in even the most tenuous connection with a seemingly unlimited array of claims." *Drake v. Travelers Indem. Co.*, 2022 WL 4138355 at *1, *3 (5th Cir. Apr. 28, 2022); *Drake v. Travelers Com. Ins. Co.*, 2020 WL 3454585 (S.D. Ga. May 27, 2020), *report and recommendation adopted*, 2020 WL 3453853 (S.D. Ga. June 24, 2020). "As a result of his vexatious filing history," Drake is prohibited from prosecuting any lawsuit in a court that lies within the Fifth Federal Judicial Circuit until he pays a $2,000 sanction, and, then, only if he receives permission from the court. *See* Order, *Drake v. FedEx Ground Package*

*Sys., Inc.*, No. 3:24-cv-00571-X-BK (N.D. Tex. Apr. 5, 2024), ECF 96. Because of his litigation abuses in the United States District Court for the Eastern District of California, the court there has warned Drake that "the filing of any future lawsuit determined to be frivolous or harassing in nature will likely result in the imposition of monetary sanctions against [him]." *Drake v. Niello Co.*, 2020 WL 1182575, at *4 (E.D. Cal. Mar. 12, 2020), report and recommendation adopted, 2020 WL 1937760 (E.D. Cal. Apr. 22, 2020). Texas state courts have also deemed Drake to be a vexatious litigant, and he is prohibited from filing suits in those courts unless he receives authorization from an administrative judge. *See Drake v. Costume Armour, Inc.*, 736 F. App'x 505 (5th Cir. 2018).

In light of this history and Drake's unacceptable communications with counsel in this case, any abusive or intimidating conduct by Drake in this Court in the future will result in filing restrictions and a substantial fine.

NOW THEREFORE, at Wilmington on this Tenth day of March in 2025, it is HEREBY ORDERED that Plaintiff's "Motion for Sanctions against Defendant and its Counsel under Rule 11 and Inherent Power of the Court" (D.I. 18) is

DENIED. It is FURTHER ORDERED that counsel for Defendants need not engage in any further communications with Plaintiff related to this matter.

_____
CHIEF JUDGE